IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MAUREEN STEVENS,** ***et al.*****,** | ) |
| **Plaintiffs,** | ) |
| **vs.** | ) CASE NO. 04-80253 CIV-HURLEY/HOPKINS |
| **BATTELLE MEMORIAL INSTITUTE,** ***et al.*****,** | ) |
| **Defendants.** | ) |

**JOINT NOTICE OF REMOVAL OF CIVIL ACTION**

PLEASE TAKE NOTICE that Defendants BioPort Corporation ("BioPort") and Battelle Memorial Institute ("Battelle"), by and through undersigned counsel, hereby remove this action pursuant to 28 U.S.C. § 1441, *et. seq.*, from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida. As grounds for removal, BioPort and Battelle state as follows:

**THE REMOVED CASE**

1. On or about September 24, 2003, an action was commenced in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, entitled *Maureen Stevens, et al., v. Battelle Memorial Institute, et al.*, 50 2003 CA010344XXOCAB ("the state court action"). Copies of all process,pleadings, and orders received by Defendants are attached as Exhibit "A."

2. The Plaintiffs are seeking compensatory damages for an alleged injury and wrongful death of their decedent Robert Stevens.

**REMOVAL IS TIMELY**

3. This Notice of Removal is timely. Defendant BioPort was served with a copy of said Complaint on February 27, 2004.

4. Defendant Battelle was served with a copy of said Complaint on February 26, 2004.

5. All defendants are joining this Notice of Removal, and this Notice of Removal removes the entire action, including all parties and claims.

**DIVERSITY OF CITIZENSHIP EXISTS**

6. There is complete diversity of citizenship. At the time of the alleged injury and filing of the complaint, Plaintiffs were citizens of the State of Florida. BioPort is a Michigan corporation with its principal place of business in Michigan. Battelle is an Ohio corporation with its principal place of business in Ohio.

7. The Complaint purports to assert claims against fictitious defendants, ABC Corporation and XYZ Corporation. Although Plaintiffs allege that the fictitious defendants are "foreign corporations," the citizenship of fictitious defendants is disregarded for the purpose of removal. 28 U.S.C. § 1441(a); *see also Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

**THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

8. The monetary value of the amount in controversy exceeds $75,000, exclusive of costs and interest.

9. The complaint demands unspecified damages exceeding $15,000. Plaintiffs, decedent's four surviving family members, seek damages for, *inter alia*, wrongful death, loss of companionship, loss of consortium, and permanent mental pain and suffering. It is facially

apparent from the nature of these alleged damages that the amount in controversy exceeds the

jurisdictional requirement. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)

(Removal is proper if the complaint does not allege a specific amount of damages but it is

facially apparent that the amount in controversy is greater than $75,000).

10.     The evidence before the Court further proves that the amount in controversy in

the state court action exceeds $75,000. (*See* Ex. B, Affidavit of William T. O'Brien ("O'Brien

Aff.")).  Specifically, the plaintiffs have filed a separate cause of action against the United States

of America in the United States District Court for the Southern District of Florida.  That case is

*Stevens v. United States*, No. 03-CV-81110 ("the federal court action"). The plaintiffs' cause of

action in the federal court action arises from the same facts and lists identical injuries as this

action.  In their complaint in the federal court action, the plaintiffs have alleged damages

"exceeding the sum of Fifty Million and 0/100 Dollars."  (O'Brien Aff. Ex. 1.)

11.     The injuries alleged in the federal court action are identical to those in the state

court action. (*Compare* Ex. 2 *with* O'Brien Aff. Ex. 1.)  Because the injuries in the two matters

are identical, and because the plaintiffs demand damages exceeding $50,000,000 in the federal

court action, it is clear that the amount in controversy in this matter exceeds $75,000.

12.     In the federal court action, plaintiff Maureen Stevens alleges a claim for wrongful

death in the amount of $20,000,000.  (O'Brien Aff. Ex. 2.)  Plaintiff Nicholas Stevens alleges a

claim for wrongful death in the amount of $10,000,000.  (O'Brien Aff. Ex. 3.)  Plaintiff Heidi

Hogan alleges a claim for wrongful death in the amount of $10,000,000.  (O'Brien Aff. Ex. 4)

Plaintiff Casey Stevens alleges a claim for wrongful death in the amount of $10,000,000.

(O'Brien Aff. Ex. 5.)

13.     In addition, the exhibits to the complaint in the federal court action indicate that Robert Stevens, the decedent, was 62 at the time of his death. He was earning $76,000 per year and would have worked until age 70. He had a life expectancy to age 77. His economic claims, under Florida law, can be calculated at approximately $600,000. (O'Brien Aff. Ex. B through E.)

14.     Moreover, less substantial damages than those alleged here have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional limit. *See, e.g.*, *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) ("It is facially apparent that the claims in this case--claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses--did exceed" the amount in controversy requirement.); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D.Fla. 1985) (unspecified personal injuries; plaintiffs sought damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (plaintiff in slip and fall case sought damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity and permanent disability and disfigurement").

15.     In addition, reported verdicts and settlements in cases in Florida where the alleged injury is wrongful death indicate that damages in such cases exceed $75,000. *See Blackmon v. National Union Fire Ins. Co. of Pittsburgh*, 98 F.J.V.R. 9-74, 1998 WL 772142 (Fla. Cir. Ct.) ($964,300 jury verdict for plaintiff who filed suit under Florida Wrongful Death Act); *Sparr v. Beverly Enterprises-Florida, Inc.*, 00 F.J.V.R. 3-43, 1999 WL 1697808 (Fla. Cir. Ct.) ($250,000 settlement for plaintiff in wrongful death action); *Drenner v. Hobgood*, 03 F.J.V.R. 11-68, 2003

WL 23204387 (Fla. Cir. Ct.) ($2,250,000 settlement for plaintiff in suit alleging wrongful death, as well as infliction of emotional distress).

16. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and this matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**FILING OF REMOVAL PAPERS**

17. Pursuant to 28 U.S.C. § 1446, copies of all process, pleadings and orders received by Defendants are attached as Exhibit A.

18. In accordance with 28 U.S.C. § 1446(a), a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County.

19. Defendants Battelle and BioPort expressly reserve all rights and defenses relating to Plaintiffs' claims.

WHEREFORE, Defendants respectfully requests that this matter be removed to this Court for all purposes.

Dated: March 17, 2004

Respectfully Submitted,

Martin B. Woods
Stearns Weaver Miller
Weissler Alhadeff & Sitterson, P.A.
Suite 1900
200 East Broward Boulevard
Fort Lauderdale, Florida 33301
(954) 462-9500
*Counsel for Battelle Memorial Institute*

Tami Lyn Azorsky
William T. O'Brien
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500
*Of Counsel for Battelle Memorial Institute and BioPort Corporation*

Gerald Zingone
Jeffrey R. Gans
THELEN REID & PRIEST LLP
701 Pennsylvania Ave, NW Suite 800
Washington, D.C. 20004
202/508-4000

*Of Counsel for BioPort Corporation*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

50 2003 CA 0 1 03 4 4XXOCAB

MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a foreign corporation, BIOPORT CORP., a foreign corporation, ABC CORPORATION, and XYZ CORPORATION,

Defendants.

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION
SEP 24 2003
COPY / ORIGINAL
RECEIVED FOR FILING

## COMPLAINT

COMES NOW, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, by and through her undersigned attorneys and hereby sues the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

2. That at all times material hereto, the Plaintiff, MAUREEN STEVENS, was and is the duly authorized and appointed Personal Representative of the Estate of ROBERT STEVENS, now deceased, and a copy of the certificate appointing her to that position, is attached hereto and made a part hereof as Exhibit "A".

EXHIBIT
"A"

3.     That at all times material hereto, the Plaintiff, MAUREEN STEVENS, and the Deceased, ROBERT STEVENS, were living together as husband and wife in Palm Beach County, Florida.

4.     That at the time of his death on October 5, 2001, ROBERT STEVENS, left the following beneficiaries in a wrongful death action upon whose behalf claim is made herein:

      a.     Maureen Stevens, his wife, (age 60);

      b.     Nicholas Stevens, his son, (age 42);

      c.     Heidi Hogan, his daughter, (age 38);

      d.     Casey Stevens, his daughter, (age 23); and

      e.     The Estate of Robert Stevens

5.     That at all times material hereto, upon information and belief, the Defendant, BATTELLE MEMORIAL INSTITUTE, was a foreign corporation with its principle offices in Ohio.

6.     That at all times material hereto, upon information and belief, the Defendant, BIOPORT CORP., was a foreign corporation with its principle offices in Michigan.

7.     That at all times material hereto, upon information and belief, ABC CORPORATION, was a foreign corporation.

8.     That at all times material hereto, upon information and belief, XYZ CORPORATION, was a foreign corporation.

9.     That as a direct and proximate result of the acts of negligence on the part of the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC

CORPORATION, and XYZ CORPORATION, the Decedent's survivors, and the Estate of ROBERT STEVENS, have been injured and have suffered damages to wit:

a. The surviving wife, Maureen Stevens, has lost the Decedent's companionship, services, support, consortium, care and comfort of his society, affection and has experienced and will continue to experience mental pain and suffering, both in the past from the date of Decedent's injury and death, and will experience mental pain and suffering in the future; to wit, permanently;

b. The surviving children, Nicholas Stevens, Heidi Hogan, and Casey Stevens have lost the Decedent's companionship and affection and have all experienced and will continue to experience mental pain and suffering, both in the past from the date of Decedent's injury and death, and will experience mental pain and suffering in the future; to wit permanently;

c. The Estate and survivors of the Decedent have occurred medical and funeral expenses due to the Decedent's injury and death, and the Estate has lost the net accumulations which would have accrued to it.

**COUNT I - NEGLIGENCE OF DEFENDANTS, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION & XYZ CORPORATION**

That the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, hereby alleges and reavers all of the general allegations contained in Paragraphs 1 through 9 above, as though fully set forth herein.

10. That on or about October 5, 2001, the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, were in the business of manufacturing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing or testing Anthrax.

The substance Anthrax, "Anthrax Bacillus", is a known ultra-hazardous material requiring the highest degree of care in its handling, storage, use, or possession.

11. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, owed a duty of care and, in fact, the highest degree of care in their manufacturing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing or testing of the Anthrax based upon its inherently dangerous nature.

12. That the Plaintiff's injury resulted from the negligence of the Defendants in the following respects:

a. The Defendants failed to properly or solely maintain or store the Anthrax in its possession;

b. The Defendants failed to properly inventory, warehouse, or catalog the Anthrax in its possession;

c. The Defendants failed to properly monitor employees who have access to the Anthrax;

d. The Defendants failed to maintain their premises in a manner precluding unauthorized individuals from having access to the Anthrax; and

e. The Defendants failed to employ proper security measures to prevent the improper use, possession, access and/or disbursement of the Anthrax.

f. The Defendants failed to establish appropriate procedures or protocol concerning the access of employees of the Defendants to the Anthrax.

g. The Defendants failed to implement inventory or catalog or monitoring systems in order to account for the Anthrax in their possession.

h. The Defendants failed to take appropriate security measures to insure that possession and access to the Anthrax would be limited to those individuals with proper clearance.

i. The Defendants failed to implement adequate security measures to prevent access to the Anthrax by unauthorized individuals.

13. That as a direct, proximate and foreseeable result of the negligence of the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, Anthrax was obtained and sent to American Media, Inc., employer of Robert Stevens. Mr. Stevens was then exposed to the Anthrax and died, as a result, on October 5, 2001.

14. That, as a result of his death, the family of Robert Stevens have suffered those damages set forth in the general allegations.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, hereby demands judgment for compensatory damages exceeding Fifteen Thousand Dollars ($15,000.00) against the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION,, plus costs and interest and further demands trial by jury.

**COUNT II – NEGLIGENT HIRING BY DEFENDANTS, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION.**

The Plaintiff realleges and reavers all of the general allegations contained in Paragraphs 1 through 9, above as though fully set forth herein.

15. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, owed the duty to Plaintiff,

MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, to use reasonable care in hiring employees.

16. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION,, was negligent in the hiring of their employees, in that they failed to act in a reasonable, prudent, and careful manner in conducting background investigation prior to hiring said person or persons and placing them in a position of authority, and/or having access to the Anthrax.

17. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, failed to insure that it was safe to place certain individuals in a position they would have access to the Anthrax.

18. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, failed to maintain a hiring system that adequately involved background investigation, interviewing, the checking of references, the checking of Curriculum Vitae's, or other mechanisms to insure that job applicants were being honest and accurate and were suitable for the employment at the given position.

19. Had the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, completed an appropriate investigation of their employees, it would have been revealed that certain individual(s) were unsuitable for the particular duties to be performed.

20. In light of the information known or which should have been known, by the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, it was unreasonable for Defendants to hire these individuals.

21. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION,, failed to exercise a level of care which under all of the circumstances, a reasonably prudent employer would have exercised in choosing certain individuals for the particular duties to be performed.

22. That as a direct, proximate and foreseeable result of the negligence of the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, as set forth above, the individual or individuals so hired put the Anthrax in the system of commerce and thereby exposed Robert Stevens, thus causing his death by inhalation Anthrax exposure on October 5, 2001

23. That as a result of the death of Robert Stevens, the family and estate have suffered those damages set forth in the general allegations.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, hereby demands judgment for compensatory damages exceeding Fifteen Thousand Dollars ($15,000.00) against the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, plus costs and interest and further demands trial by jury.

**COUNT III – NEGLIGENT SUPERVISION AND/OR TRAINING OF EMPLOYEES BY DEFENDANTS – BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION**

The Plaintiff reallages and reavers all of the general allegations contained in Paragraphs 1 through 9, above as though fully set forth herein.

24. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION,, owed a duty to Plaintiff to

insure all of Defendants' employees were properly supervised and trained for the task for which they were employed.

25. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, breached their duty to Plaintiff by negligently allowing certain individuals to work and handle the ultra-hazardous material, Anthrax, based on their actual or constructive knowledge of these individuals' prior history and background.

26. Having received actual or constructive notice of the potential problem with these individuals, **Individual positions to be held**, the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, unreasonably failed to further investigate and/or otherwise take corrective actions such as discharge or reassignment.

27. The Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, failed to provide adequate supervision to prevent employees from having access to the Anthrax at its facility.

28. Defendants', BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, methods, practices and procedures, of supervision, training and managing their employees breached the duty owed to Plaintiff to use reasonable care in supervising and retaining employees that handled ultra-hazardous substances and foreseeably contributed to the injuries sustained by the Plaintiff.

29. That as a direct, proximate and foreseeable result of the negligence of the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION, as set forth above, and the resulting death

of ROBERT STEVENS, on October 5, 2001, the family and Estate suffered those damages and will continue to suffer those damages outlined in the general allegations set forth herein.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, hereby demands judgment for compensatory damages exceeding Fifteen Thousand Dollars ($15,000.00) against the Defendants, BATTELLE MEMORIAL INSTITUTE, BIOPORT CORP., ABC CORPORATION and XYZ CORPORATION,, plus costs and interest and further demands trial by jury.

SCHULER & HALVORSON, P.A.
Attorneys for Plaintiff(s)
1615 Forum Place, Suite 4-D
Barristers Building
West Palm Beach, FL 33401
(561) 689-8180

By [signature]
RICHARD D. SCHULER
Florida Bar No.: 158226
JASON D. WEISSER
Florida Bar No.: 101435



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2003-CA-010344XXOCAB

MAURE :N STEVENS, as Personal Represer ative of the Estate of ROBER STEVENS, Deceased,

P aintiff,

v.

BATTEI LE MEMORIAL INSTITUTE, a foreign corporation, BIOPORT CORP., a foreign corporation, ABC CORPORATION, and XYZ CORPORATION,

D efendants.

_______________________________/

THE ST TE OF FLORIDA:
To Each heriff of the State:

**SUMMONS**

YOU AR E COMMANDED to serve this summons and a copy of the COMPLAINT in this action on Defendan :

By Servi g

BATTELLE MEMORIAL INSTITUTE
Jerome R. Bahlmann, Registered Agent
505 King Avenue
Columbus, OH 43201

The Defe dant is required to serve written defenses to the Complaint on

Richard D. Schuler, Esquire
SCHULER & HALVORSON, P.A.

attorney f r Plaintiffs, whose address is:

Barristers Building, Suite 4D
1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the above-named attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint. FEB 9 2004

DATED on __________ day of __________________, 2004.

Clerk of the Court

CAROL J. DeMARCO

By: __________________

As Deputy Clerk

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2003-CA-010344XXOCAB

MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased,

Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE, a foreign corporation, BIOPORT CORP., a foreign corporation, ABC CORPORATION, and XYZ CORPORATION,

Defendants.

______________________________/

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND SHOWING OF GOOD CAUSE

THIS CAUSE came on before this Court for and Extension of Time for service of process of the Complaint on the Defendants in this matter. Having considered the same and being otherwise advised in the premises, it is

CONDISERED, ORDERED AND ADJUDGED that the Motion for Extension of Time is granted and the Plaintiff shall have an additional 90 days within which to serve the Defendants in this cause.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this ______ day of ________________, 2004.

SIGNED AND DATED

______________________________
CIRCUIT COURT JUDGE

JUDGE PETER D. BLANC

Copies furnished:

Richard D. Schuler, Esq., 1615 Forum Place, Suite 4-D, West Palm Beach, FL 33401

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **MAUREEN STEVENS, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) **CASE NO. ____________** |
| | ) |
| **BATTELLE MEMORIAL INSTITUTE, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

**AFFIDAVIT OF WILLIAM T. O'BRIEN**

I, William T. O'Brien, having been first duly sworn upon my oath, state as follows:

1. I am over 18 and am legally competent to make this affidavit.

2. I make the following statements based on personal knowledge.

3. I am an attorney with the law firm of McKenna Long & Aldridge, L.L.P., counsel for Defendant Battelle Memorial Institute with respect to the above captioned action.

4. I obtained from the United States District Court for the Southern District of Florida a copy of the complaint in the matter *Stevens v. United States of America*, No. 03-CV-91110.

5. I have attached as Exhibit 1 a true and correct copy of the complaint in *Stevens v. United States of America*, No. 03-CV-91110.

6. The complaint in the matter *Stevens v. United States of America* indicates the following:

a. The complaint was filed on December 2, 2003.

EXHIBIT
tabbies
B

b.  The matter is before the Honorable Daniel K. Hurley.

c.  The plaintiff, Maureen Stevens, as Personal Representative of the Estate of Robert Stevens, Deceased, and on behalf of herself and the survivors thereof, demands judgment for compensatory damages exceeding the sum of $50,000,000.00.

7.      I also obtained from the United States District Court for the Southern District of Florida a copy of the exhibits that were attached to the complaint in the matter *Stevens v. United States of America*, No. 03-CV-81110.

8.      I have attached as Exhibit 2 to this Affidavit a true and correct copy of Exhibit A to the complaint in *Stevens v. United States of America*, No. 03-CV-81110. That exhibit indicates that the amount of the claim of Maureen Stevens for wrongful death is $20,000,000.00.

9.      I have attached as Exhibit 3 to this Affidavit a true and accurate copy of Exhibit B to the complaint in *Stevens v. United States of America*, No. 03-CV-81110. That exhibit indicates that the amount of the claim of Nicholas Stevens for wrongful death is $10,000,000.00.

10.     I have attached as Exhibit 4 to this Affidavit a true and accurate copy of Exhibit C to the complaint in *Stevens v. United States v. America*, No. 03-CV-81110. That exhibit indicates that the amount of the claim of Heidi Hogan for wrongful death is $10,000,000.00.

11.     I have attached as Exhibit 5 to this Affidavit a true and accurate copy of Exhibit D to the complaint in *Stevens v. United States of America*, No. 03-CV-81110. That exhibit indicates that the amount of the claim of Casey Stevens for wrongful death is $10,000,000.00.

12.     Exhibits 2, 3, 4 and 5 to this Affidavit, each true and correct copies as stated above in paragraphs 8-11, each indicate the following:

a.  Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70.

    b. Robert Stevens had a life expectancy to age 77.

c. Robert Stevens's economic claims, under Florida law are worth approximately $600,000.

13. I obtained from the United States District Court for the Southern District of Florida a copy of the Civil Cover Sheet in the matter *Stevens v. United States of America*, No. 03-CV-81110.

14. I have attached as Exhibit 6 to this Affidavit a true and correct copy of the Civil Cover Sheet in the matter *Stevens v. United States of America*, No. 03-CV-81110. The Civil Cover Sheet indicates that the demand of the plaintiffs in the matter is $50,000,000.00.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of March, 2004.

William T. O'Brien

Subscribed and sworn to on this day of 17th day of March, 2004, before me, a notary public in and for the District of Columbia.

Notary Public in and for the District of Columbia

My commission expires: My Commission Expires February 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

FLORIDA BAR NO: 158226

MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of MAUREEN STEVENS, Individually, NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, Survivors,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

CIV - HURLEY

## COMPLAINT

COMES NOW the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of herself, individually, and NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, Survivors, by and through her undersigned attorneys, and hereby sues the Defendant, THE UNITED STATES OF AMERICA, and says:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages pursuant to Title 28, Section 1346(b) U.S.C. and this Court has jurisdiction thereunder.

EXHIBIT "1"

2. That the Plaintiff has complied with all conditions precedent to bringing this action pursuant to Title 28, Section 2675 and attaches hereto as Exhibits "A", "B", "C", and "D", the copies of the notices required thereunder.

3. That at all times material hereto, the Plaintiff, MAUREEN STEVENS, was a resident of Palm Beach County, Florida.

4. That MAUREEN STEVENS has been appointed as the Personal Representative of the Estate of ROBERT STEVENS, Deceased, pursuant to an Order of the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, a copy of which is attached hereto and made a part hereof as Exhibit "E".

5. That at the time of his death on October 5, 2001, ROBERT STEVENS left the following survivors who are claimants in this wrongful death action and on whose behalf claim is made herein:

A. Maureen Stevens, his wife (age 60);

B. Nicholas Stevens, his son (age 42);

C. Heidi Hogan, his daughter (age 38);

D. Casey Stevens, his daughter (age 23); and

E. The Estate of ROBERT STEVENS.

**COUNT I**
**STRICT LIABILITY FOR ULTRA-HAZARDOUS ACTIVITY**

6. That the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of all of the survivors thereof, hereby alleges and reavers all of the jurisdictional allegations set forth in paragraphs 1 through 5 above, as though fully set forth herein.

7. That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, owned, managed, grew, experimented with, and/or was in control of a certain strain of anthrax bacterium at its Fort Detrick, Maryland facility and other facilities.

8. That the Defendant, THE UNITED STATES OF AMERICA, knew that the activities it carried on with the anthrax bacillus were ultra-hazardous activities in that the mere handling of microscopic quantities of this bacillus involved a potentially high degree of risk of harm and that that potential harm was likely to be great, namely, the cause of human death.

9. That despite the above knowledge, the Defendant, THE UNITED STATES OF AMERICA, failed to adequately secure samples of this highly toxic lethal bacillus and, as early as 1992, samples of this formidable, dangerous, and highly lethal organism were known to be missing from the lab at Ft. Detrick, Maryland occupied by the United States Army Medical Research Institute for Infectious Diseases (USAMRIID), along with samples of the hanta virus and the ebola virus, pursuant to a memo which is attached hereto and made a part hereof as Exhibit "F".

10. That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, owed a duty of care, in fact, the highest degree of care, to the Plaintiff's decedent, ROBERT STEVENS, in its manufacturing, growing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing, or testing of the anthrax, based upon its ultra-hazardous and inherently dangerous nature.

11. That since the Defendant, THE UNITED STATES OF AMERICA, was engaging in the above ultra-hazardous activity, it is liable to the family of ROBERT

STEVENS and his Estate, for his death, even from an unpreventable miscarriage of the above activity, although the utmost care was exercised to prevent harm.

12. That as a direct and proximate result of the Defendant, THE UNITED STATES OF AMERICA, engaging in the ultra-hazardous activities set forth above, anthrax was obtained either from the USAMRIID lab at Ft. Detrick, Maryland or another location where the anthrax had previously been sent, and a portion of it was sent to American Media, Inc., employer of ROBERT STEVENS, where MR. STEVENS was then exposed to the anthrax and died, as a result, on October 5, 2001.

13. That as a direct and proximate result of the ultra-hazardous activity engaged in by the Defendant, THE UNITED STATES OF AMERICA, the decedent's survivors, and the Estate of ROBERT STEVENS, have been injured and have suffered damages, to wit:

A. The surviving wife, MAUREEN STEVENS, has lost the decedent's companionship, services, support, consortium, care, comfort, society, and affection, and has experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience said mental pain and suffering in the future, to wit: permanently;

B. That the surviving children, NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, have lost the decedent's companionship and affection and have all experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience mental pain and suffering in the future, to wit: permanently;

C. That the Estate and survivors of the decedent have incurred medical and funeral expenses due to the decedent's injury and death, and the Estate has lost the net accumulations which would have accrued to it.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of herself and the survivors thereof, hereby demands judgment for compensatory damages exceeding the sum of Fifty Million and 00/100 Dollars ($50,000,000.00) against the Defendant, THE UNITED STATES OF AMERICA, plus costs and interest.

**COUNT II**
**NEGLIGENCE**

14. That the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of all of the survivors thereof, hereby alleges and reavers all of the jurisdictional allegations set forth in paragraphs 1 through 5 above, as though fully set forth herein.

15. That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, was in the business of manufacturing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing, testing, and experimenting with anthrax.

16. That the substance anthrax, or "anthrax bacillus", is a known ultra-hazardous material requiring the highest degree of care in its handling, storage, use, or possession.

17. That the Defendant, THE UNITED STATES OF AMERICA, owed a duty of care and in fact, the highest degree of care in its manufacturing, handling, transporting,

utilizing, processing, analyzing, distributing, warehousing, storing, testing, or experimenting with anthrax based upon its inherently dangerous nature.

18. That the Plaintiff's decedent, ROBERT STEVENS', injury and death resulted from the negligence of the Defendant, THE UNITED STATES OF AMERICA, in the following respects:

A. That the Defendant failed to properly or securely maintain or store the anthrax in its possession;

B. That the Defendant failed to properly inventory, warehouse, or catalog the anthrax in its possession;

C. That the Defendant failed to properly monitor employees who had access to the anthrax;

D. That the Defendant failed to maintain its premises in a manner precluding unauthorized individuals from having access to the anthrax;

E. That the Defendant failed to employ proper security measures to prevent the improper use, possession, access, and/or disbursement of the anthrax;

F. That the Defendant failed to establish appropriate procedures or protocols concerning the access of employees or independent contractors to the anthrax;

G. That the Defendant failed to implement inventory or catalog or monitoring systems in order to account for the anthrax in its possession;

H. That the Defendant failed to take appropriate security measures to insure the possession and access to the anthrax would be limited to those individuals with proper clearance;

I.      That the Defendant failed to implement adequate security measures to prevent access to the anthrax by unauthorized individuals;

J.      That the Defendant failed to act in a reasonable, prudent, and careful manner in conducting background investigations prior to hiring personnel and placing them in a position of authority and to having access to the anthrax;

K.      That the Defendant failed to maintain a hiring system that adequately involved background investigation, interviewing, checking of references, the checking of curriculum vitas, or other mechanisms to insure that job applicants were being honest and accurate and were suitable for employment in a position where they would have access to the anthrax;

L.      That the Defendant failed to make sure that its employees or independent contractors were properly supervised and trained for the task for which they were employed and negligently allowed them to work and handle the ultra-hazardous material, anthrax, without proper supervision and/or training;

M.      That the Defendant failed to take appropriate action upon actual or constructive notice of a potential problem or problems with individuals or security involving access to the anthrax at its facility or facilities and unreasonably failed to further investigate and/or otherwise take corrective actions such as discharge or reassignment.

N.      That the Defendant failed to have any adequate system in place to track the anthrax it forwarded to other laboratories, schools and companies.

19.     That as a direct and proximate and foreseeable result of the negligence of the Defendant, THE UNITED STATES OF AMERICA, anthrax was obtained and sent to

American Media, Inc., employer of ROBERT STEVENS, and MR. STEVENS was then exposed to the anthrax bacillus and died, as a result, on October 5, 2001.

20. That as a result of his death, the family of ROBERT STEVENS have been injured and have suffered damages, to wit:

A. The surviving wife, MAUREEN STEVENS, has lost the decedent's companionship, services, support, consortium, care, comfort, society, and affection, and has experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience said mental pain and suffering in the future, to wit: permanently;

B. That the surviving children, NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, have lost the decedent's companionship and affection and have all experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience mental pain and suffering in the future, to wit: permanently;

C. That the Estate and survivors of the decedent have incurred medical and funeral expenses due to the decedent's injury and death, and the Estate has lost the net accumulations which would have accrued to it.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of herself and the survivors thereof, hereby demands judgment for compensatory damages exceeding the

sum of Fifty Million and 00/100 Dollars ($50,000,000.00) against the Defendant, THE UNITED STATES OF AMERICA, plus costs and interest.

SCHULER & HALVORSON, P.A.
Barristers Building, Suite 4-D
1615 Forum Place
West Palm Beach, FL 33401
Telephone: (561) 689-8180
Attorneys for Plaintiff(s)

By: R. D. Schuler
RICHARD D. SCHULER
FLA BAR NO: 158226

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-85

1. Submit To Appropriate Federal Agency:
Department of the Army
Department of Defense

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Robert Stevens, Deceased
Maureen Stevens, Personal Rep.
c/o Richard D. Schuler, Esq.
1615 Forum Pl, West Palm Beach, FL 33

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ~~MILITARY~~ CIVILIAN | 6/20/38 | Married | 10/5/01 | 4:00p.m. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Addendum

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| See Addendum | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | | See Addendum | $ 20,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Maureen Stevens | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT
2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530 and to the Office of Management and Budget, Paperwork Reduction Project (1105-0008), Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes. If yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Worker's Compensation Insurance

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

$258.47 paid bi-weekly plus medical bills starting 10/26/01

19. Do you carry public liability and property damage insurance? Yes. If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) No

N/A

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

8. **BASIS OF CLAIM**

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11. **WITNESSES**

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz. USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

**12c. WRONGFUL DEATH**

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-85

1. Submit To Appropriate Federal Agency:
Department of the Army
Department of Defense

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Robert Stevens, Deceased
Nicholas Stevens
c/o Richard D. Schuler, Esq.
1615 Forum Pl, West Palm Beach, FL 3

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| CIVILIAN | 6/20/38 | Married | 10/5/01 | 4:00p.m. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary)

See Addendum

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| See Addendum | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | | See Addendum | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Nicholas Stevens | | |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of not less than $1,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.)

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT
3

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

*Complete all items - Insert the word NONE where applicable*

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530 and to the Office of Management and Budget, Paperwork Reduction Project (1105-0008), Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes. If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Worker's Compensation Insurance

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts)

$288.47 paid bi-weekly plus medical bills starting 10/26/01

19. Do you carry public liability and property damage insurance? Yes. If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) No

N/A

• U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

8. **BASIS OF CLAIM**

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11. **WITNESSES**

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz, USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

12c. **WRONGFUL DEATH**

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05

1. Submit To Appropriate Federal Agency:
Department of the Army
Department of Defense

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip code)
Robert Stevens, Deceased
Heidi Bogan
c/o Richard D. Schuler, Esq.
1615 Forum Pl, West Palm Beach, FL 3

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| CIVILIAN | 6/20/38 | Married | 10/5/01 | 4:00p.m. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Addendum

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| See Addendum | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | | See Addendum | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) [signature] | 13b. Phone number of signatory | 14. DATE OF CLAIM

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.)

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT
4

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530 and to the Office of Management and Budget, Paperwork Reduction Project (1105-0008), Washington, DC 20503

INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes. If yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Worker's Compensation Insurance

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

$258.47 paid bi-weekly plus medical bills starting 10/26/01

19. Do you carry public liability and property damage insurance? Yes. If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) No

N/A

• U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

8. **BASIS OF CLAIM**

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11. **WITNESSES**

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz, USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

12c. **WRONGFUL DEATH**

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05

1. Submit To Appropriate Federal Agency:
Department of the Army
Department of Defense

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Robert Stevens, Deceased
Casey Stevens
c/o Richard D. Schuler, Esq.
1615 Forum Pl, West Palm Beach, FL 334

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| CIVILIAN | 6/20/38 | Married | 10/5/01 | 4:00p.m. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Addendum

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| See Addendum | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | | See Addendum | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Casey [signature] Stevens | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT
5

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530 and to the Office of Management and Budget, Paperwork Reduction Project (1105-0008), Washington, DC 20503.

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes. If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Worker's Compensation Insurance

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

$288.47 paid bi-weekly plus medical bills starting 10/26/01

19. Do you carry public liability and property damage insurance? Yes. If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) No

N/A

• U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

## 8. BASIS OF CLAIM

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

## 11. WITNESSES

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz, USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

12c. <u>WRONGFUL DEATH</u>

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of MAUREEN STEVENS, Individually, NICHOLAS STEVENS, HEIDI HOGAN & CASEY STEVENS,

**DEFENDANTS** THE UNITED STATES OF AMERICA

03-81 ...

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) PALM BEACH COUNTY

FILED BY D.C. DEC - 2 2003 CLERK U.S. DIST. CT.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

03CV81110 Hurley / Hopkins

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) SCHULER & HALVORSON, P.A. (561) 689-8180 1615 Forum Pl., West Palm Beach, FL 33401

ATTORNEYS (IF KNOWN) Christina Hurway, Esq., U.S. Dept. of Justice; U.S. Attorney General; U.S. Attorney's Office, West Palm Beach, FL

CIV-HURLEY

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH** (circled), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability

**A REAL PROPERTY**: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**A TORTS** — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury – Med Malpractice; ☐ 365 Personal Injury – Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

**PRISONER PETITIONS**: ☐ 510 Motions to Vacate Sentence; HABEAS CORPUS: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY**: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**A LABOR**: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**B SOCIAL SECURITY**: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☒ 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This case asserts a claim against the government for wrongful death as a result of its engaging in ultra-hazardous activities regarding Anthrax. Title 28 Section 1346(b) U.S.C. Title 28 Section 2675

LENGTH OF TRIAL via 15 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT**: CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ $50,000,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY JUDGE ______ DOCKET NUMBER ______

DATE December 2, 2003 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 119509 AMOUNT $150 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

EXHIBIT 6

tabbies

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 04-80253

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Maureen Stevens, et al.

**DEFENDANTS** CIV - HURLEY

Battelle Memorial Institute, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Palm Beach Co., Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Michigan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

9:04CV80253 DTKH/HOPKINS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard D. Schuler, Esq.
Schuler & Halvorson, P.A.
1615 Forum Place, Ste. 4-D, WPB. FL 33401

ATTORNEYS (IF KNOWN)
Martin B. Woods, Esq.
Tami Lyn Azorsky
William T. O'Brien

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
B☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**A REAL PROPERTY**
☐ 210 Land Condemnation
B☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☑ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
B☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
B☐ 530 General
A☐ 535 Death Penalty
B☐ 540 Mandamus & Other
B☐ 550 Civil Rights
B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
B☐ 610 Agriculture
B☐ 620 Other Food & Drug
B☐ 625 Drug Related Seizure of Property 21 USC 881
B☐ 630 Liquor Laws
B☐ 640 R.R. & Truck
B☐ 650 Airline Regs
B☐ 660 Occupational Safety/Health
B☐ 690 Other

**A LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**B SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
A☐ 870 Taxes (U.S. Plaintiff or Defendant)
A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
B☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions
A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Federal Diversity Jurisdiction, 28 U.S.C. § 1332 (a)(1)

LENGTH OF TRIAL
via 10 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Hurley DOCKET NUMBER 03-cv-91116

DATE 3/17/04
SIGNATURE OF ATTORNEY OF RECORD Martin B. Woods

FOR OFFICE USE ONLY

RECEIPT # 530647 AMOUNT 150.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______